1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER RYAN MERRON, | Case No.  1:24-cv-00677-JLT-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY COURT ORDER, AND FAILURE TO PROSECUTE |
| v. | |
| CAVAGNARO, | |
| Defendant. | (ECF No. 11) |
| | **FOURTEEN (14) DAY DEADLINE** |

## I.    Background

Plaintiff Christopher Ryan Merron ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.

On October 22, 2025, the Court screened the complaint and found that it failed to state a cognizable claim under 42 U.S.C. § 1983.  (ECF No. 11.)  The Court issued a screening order granting Plaintiff leave to file a first amended complaint or a notice of voluntary dismissal within thirty (30) days.  (*Id.*)  The Court expressly warned Plaintiff that failure to comply with the Court's order would result in a recommendation for dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.  (*Id.* at 9.)  Plaintiff failed to file an amended complaint or otherwise communicate with the Court, and the deadline to do so has expired.

1

1    **II.    <u>Failure to State a Claim</u>**

2        **A.    Screening Requirement**

3        The Court is required to screen complaints brought by prisoners seeking relief against a

4    governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C.

5    § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous

6    or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

7    relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

8        A complaint must contain "a short and plain statement of the claim showing that the

9    pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

10   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

11   conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell*

12   *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as

13   true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*,

14   572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

15       To survive screening, Plaintiff's claims must be facially plausible, which requires

16   sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable

17   for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret*

18   *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully

19   is not sufficient, and mere consistency with liability falls short of satisfying the plausibility

20   standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

21       **B.    Plaintiff's Allegations**

22       Plaintiff is currently housed in California Substance Abuse Treatment Facility in

23   Corcoran, California ("SATF") where the events in the complaint are alleged to have occurred.

24   Plaintiff names Josie M. Cavagnaro, correctional officer, as the sole defendant.

25       Plaintiff alleges First Amendment retaliation. On 5/17/23, while Plaintiff was at medical

26   on a priority ducat visit with his primary care physician, Schaffinberg. Plaintiff made his

27   displeasure about the medical care known.  Plaintiff was immediately reprimanded by Defendant

28   Cavagnaro with foul remarks and statements.  Upon arriving back at the housing unit, Plaintiff

immediately filed a grievance regarding the claims of staff misconduct.  Plaintiff also requested the body-worn camera footage during the times of the incident.  On 6/26/23, Defendant Cavagnaro falsified a rules violation report against Plaintiff in an effort to retaliate for Plaintiff writing a grievance for staff misconduct 39 days prior against the defendant.  Once Plaintiff was served the rules violation report, plaintiff filed a grievance on the rules violation and request the body-worn camera of the incident and also video evidence in and outside the medical building during this rules violation report.  Plaintiff requested an investigation into the falsified rules violation report and also an investigation for retaliation.

On 10/29/23, at the second level of appeals, the reviewing authority granted the claim on reasoning that the office of grievance failed to address all of appellant's assertions and failed to establish staff followed all applicable rule and regulations.  The remedy was for the office of grievance to open a new grievance log number, gather and preserve all relevant evidence, conduct necessary interviews and answer the claim, and specifically address whether reporting employee falsified the rules violation report due to retaliation.  Plaintiff was required to go through the grievance process all over again.

Once the new grievance log got to the second level on 2/16/24, the claim was denied by the same reviewing authority and part of the reasoning was that audio/video evidence is no long available as 90 days had passed to save and preserve it.

On the original grievance filed on 6/26/23, two days after the rules violation report by defendant, Plaintiff requested the video evidence. The action by defendant did not preserve a penological interest.  The audio/video evidence that was failed to be preserved broke policy which did not serve a penological interest.

The encounters with the Defendant occurred at the medical clinic and were efforts by Plaintiff to receive medical treatment for extreme pain.

As remedies, Plaintiff seeks an injunction of removal of the rule violation report and compensatory and punitive damages and injunctive relief.

///

///

3

1    **C.    Discussion**

2    Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to

3    state a cognizable claim under 42 U.S.C. § 1983.

4    **Federal Rule of Civil Procedure 8**

5    Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain

6    statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

7    Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause

8    of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678

9    (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a

10   claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S.

11   at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also*

12   *Twombly*, 550 U.S. at 556–57.

13   As explained below, Plaintiff's complaint fails to state a claim.

14   **Fourteenth Amendment - Due Process and Disciplinary hearing**

15   It is unclear what Plaintiff is challenging, but it appears Plaintiff claims Due Process

16   violations for being falsely accused of conduct and possibly, false information at the disciplinary

17   hearing.

18   Prisoners do not have a liberty interest in being free from false accusations of misconduct.

19   The filing of a false Rules Violation Report by a prison official against a prisoner is not a per se

20   violation of the prisoner's constitutional rights. *See Muhammad v. Rubia,* 2010 WL 1260425, at

21   *3 (N.D. Cal., Mar. 29, 2010), aff'd, 453 Fed. App'x 751 (9th Cir. 2011) ("[A] prisoner has no

22   constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which

23   may result in the deprivation of a protected liberty interest. As long as a prisoner is afforded

24   procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a

25   claim under § 1983.") (citations omitted); *Harper v. Costa*, 2009 WL 1684599, at *2-3 (E.D. Cal.,

26   June 16, 2009), aff'd, 393 Fed. App'x 488 (9th Cir. 2010) ("Although the Ninth Circuit has not

27   directly addressed this issue in a published opinion, district courts throughout California ... have

28   determined that a prisoner's allegation that prison officials issued a false disciplinary charge

against him fails to state a cognizable claim for relief under § 1983."). Plaintiff fails to state a claim for the purportedly false accusations.

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff*, 418 U.S. at 556. The minimum procedural requirements that must be met in such proceedings are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. *Id.* at 563–71. As long as the *Wolff* requirements are met, due process has been satisfied. *Walker v. Sumner*, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472 (1995). In addition, "some evidence" must support the decision of the hearing officer, *Superintendent v. Hill*, 472 U.S. 445, 455 (1985), and the evidence must have some indicia of reliability, *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987). The "some evidence" standard is not particularly stringent, and the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached...." *Hill*, 472 U.S. at 455–56 (emphasis added).

Plaintiff does not allege factual support that that his disciplinary action failed to comply with the *Wolff* elements. Moreover, Due Process is not violated where the hearing officer failed to believe certain evidence or chose to believe other evidence. Plaintiff has failed to allege that Plaintiff was not provided Due Process as required by the *Wolff* elements.

**Verbal Harassment**

To the extent Plaintiff alleges verbal harassment, Plaintiff fails to state a cognizable claim for threats. Allegations of name-calling, verbal abuse, or threats generally fail to state a constitutional claim under the Eighth Amendment, which prohibits cruel and unusual punishment.

*See Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) ("[V]erbal harassment generally does not violate the Eighth Amendment."), opinion amended on denial of reh'g, 135 F.3d 1318 (9th Cir. 1998); s*ee also Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (holding that a prisoner's allegations of threats allegedly made by guards failed to state a cause of action). Even in cases concerning "abusive language directed at [a plaintiff's] religious and ethnic background, 'verbal harassment or abuse is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.' " *Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) (quoting *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987)) (alterations omitted), abrogated on other grounds by *Shakur v. Schriro*, 514 F.3d 878 (9th Cir. 2008). However, verbal harassment may violate the constitution when it is "unusually gross even for a prison setting and [is] calculated to and [does] cause [plaintiff] psychological damage." *Cox v. Kernan*, 2019 WL 6840136, at *5 (E.D. Cal. Dec. 16, 2019) (alterations in original) (quoting *Keenan*, 83 F.3d 1083 at 1092). The factual allegations do not support a claim.

**Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005); *accord Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Silva*, 658 at 1104; *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff may be able to state a cognizable claim, but currently fails to do so. Plaintiff has failed to allege the facts for each of the elements of a claim for retaliation. Plaintiff fails to allege that any conduct chilled Plaintiff's First Amendment rights or that it did not reasonably advance a legitimate correctional goal.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Appeals Processing**

Plaintiff cannot pursue any claims against prison staff based solely on the processing and review of his inmate appeals.  Plaintiff does not have a constitutionally protected right to have his appeals accepted or processed.  *Ramirez v. Galaza,* 334 F.3d 850, 860 (9th Cir.2003); *Mann v. Adams,* 855 F.2d 639, 640 (9th Cir.19 88).  The prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983.  *Buckley v. Barlow,* 997 F.2d 494, 495 (8th Cir.1993); *see also Wright v. Shannon,* No. 1:05-cv-01485-LJO-YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment).  Denial or refusal to process a prison grievance is not a constitutional violation.  *Rushdan v. Gear,* No. 1:16-cv-01017-BAM (PC), 2018 WL 2229259, at *6 (E.D. Cal. May 16, 2018).  Accordingly, Plaintiff fails to state a cognizable claim arising out of the screening or processing of his grievances or complaints.

**Failure to Investigate**

To the extent Plaintiff is trying to hold the individuals or others liable for an independent, unspecified constitutional violation based upon an allegedly inadequate investigation, there is no such claim. *See Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985) (per curiam) ("[W]e can find no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved."); *Page v. Stanley*, 2013 WL 2456798, at *8–9 (C.D. Cal. June 5, 2013) (dismissing Section 1983 claim alleging that officers failed to conduct thorough investigation of plaintiff's complaints because plaintiff "had no constitutional right to any investigation of his citizen's complaint, much less a 'thorough' investigation or a particular outcome"); *Ellis v. Cty. of Kern*, No. 1:22-CV-00436 ADA BAM PC, 2023 WL 7005188, at *5 (E.D. Cal. Oct. 24, 2023), report and recommendation adopted, No. 1:22-CV-00436 NODJ BAM PC, 2023 WL 8934370 (E.D. Cal. Dec. 27, 2023) (stating no claim existed for Defendants failure to investigate Plaintiff's appeal regarding alleged excessive force and sexual assault).

*///*

**Title 15 Claim**

To the extent that Defendant has not complied with applicable state statutes or prison regulations, these deprivations do not support a claim under § 1983. Section 1983 only provides a cause of action for the deprivation of federally protected rights. *See*, *e.g.*, *Nible v. Fink*, 828 Fed. Appx. 463 (9th Cir. 2020) (violations of Title 15 of the California Code of Regulations do not create private right of action); *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of federal constitutional right); *Prock v. Warden*, No. 1:13-cv-01572-MJS (PC), 2013 WL 5553349, at *11–12 (E.D. Cal. Oct. 8, 2013) (noting that several district courts have found no implied private right of action under title 15 and stating that "no § 1983 claim arises for [violations of title 15] even if they occurred."); *Parra v. Hernandez*, No. 08cv0191-H (CAB), 2009 WL 3818376, at *3 (S.D. Cal. Nov. 13, 2009) (granting motion to dismiss prisoner's claims brought pursuant to Title 15 of the California Code of Regulations); *Chappell v. Newbarth*, No. 1:06-cv-01378-OWW-WMW (PC), 2009 WL 1211372, at *9 (E.D. Cal. May 1, 2009) (holding that there is no private right of action under Title 15 of the California Code of Regulations).

**Injunctive Relief**

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ["PLRA"], which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."  In cases brought by prisoners involving conditions of confinement, any injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2). Moreover, where, as here, "a plaintiff seeks a mandatory preliminary injunction that goes beyond maintaining the status quo pendente lite, 'courts should be extremely cautious' about issuing a preliminary injunction and should not grant such relief unless the facts and law clearly favor the plaintiff." *Comm. of Cent. Amer. Refugees v. I.N.S.*, 795 F.2d 1434, 1441 (9th Cir. 1986), quoting *Martin v. Int'l Olympic Comm.*, 740 F.2d 670, 675 (9th Cir. 1984).

1    **III.    Failure to Prosecute and Failure to Obey a Court Order**

2          **A.    Legal Standard**

3          Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with

4    any order of the Court may be grounds for imposition by the Court of any and all sanctions . . .

5    within the inherent power of the Court."  District courts have the inherent power to control their

6    dockets and "[i]n the exercise of that power they may impose sanctions including, where

7    appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A

8    court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,

9    failure to obey a court order, or failure to comply with local rules.  *See, e.g.*, *Ghazali v. Moran*, 46

10   F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*,

11   963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring

12   amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987)

13   (dismissal for failure to comply with court order).

14         In determining whether to dismiss an action, the Court must consider several factors:

15   (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its

16   docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

17   cases on their merits; and (5) the availability of less drastic sanctions.  *Henderson v. Duncan*, 779

18   F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

19         **B.    Discussion**

20         Here, Plaintiff's first amended complaint is overdue, and he has failed to comply with the

21   Court's order.  The Court cannot effectively manage its docket if Plaintiff ceases litigating his

22   case.  Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

23         The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a

24   presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.

25   *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor usually weighs against

26   dismissal because public policy favors disposition on the merits.  *Pagtalunan v. Galaza*, 291 F.3d

27   639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose

28   responsibility it is to move a case toward disposition on the merits but whose conduct impedes

1   progress in that direction," which is the case here.  *In re Phenylpropanolamine (PPA) Products*

2   *Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

3         Finally, the Court's warning to a party that failure to obey the court's order will result in

4   dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at 1262;

5   *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424.  The Court's October 22, 2025 screening

6   order expressly warned Plaintiff that his failure to file an amended complaint would result in a

7   recommendation of dismissal of this action, with prejudice, for failure to obey a court order and

8   for failure to state a claim.  (ECF No. 11, p. 9.)  Thus, Plaintiff had adequate warning that

9   dismissal could result from his noncompliance.

10         Additionally, at this stage in the proceedings there is little available to the Court that

11   would constitute a satisfactory lesser sanction while protecting the Court from further

12   unnecessary expenditure of its scarce resources.  As Plaintiff is proceeding *in forma pauperis* in

13   this action, it appears that monetary sanctions will be of little use and the preclusion of evidence

14   or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

15   **IV.    Conclusion and Recommendation**

16         Accordingly, the Court finds that dismissal is the appropriate sanction and HEREBY

17   RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim, for

18   failure to obey a court order, and for Plaintiff's failure to prosecute this action.

19         These Findings and Recommendations will be submitted to the United States District

20   Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within

21   **fourteen (14) days** after being served with these Findings and Recommendations, the parties may

22   file written objections with the court.  The document should be captioned "Objections to

23   Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed**

24   **fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page**

25   **number if already in the record before the Court.  Any pages filed in excess of the 15-page**

26   **limit may not be considered.**  The parties are advised that failure to file objections within the

27   specified time may result in the waiver of the "right to challenge the magistrate's factual

28   findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter*

1 | *v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

2 |

3 | IT IS SO ORDERED.

4 |     Dated:   **December 4, 2025**          /s/ Barbara A. McAuliffe

5 |                                        UNITED STATES MAGISTRATE JUDGE